UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| JOHN D. READ, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>AIR & LIQUID SYSTEMS CORPORATION, et al.,<br><br>　　　　Defendants. | Case No. 25-cv-00123-VC (LB)<br><br>**DISCOVERY ORDER**<br><br>Re: ECF No. 287 |

### INTRODUCTION

The plaintiffs are John Read, who is 82 and was diagnosed in October 2024 with malignant mesothelioma of the pleura from asbestos exposure, and his wife, Sandra Read. They sued defendants that include Bath Ironworks, which constructed a ship that allegedly exposed Mr. Read to asbestos while he was on active duty in the U.S. Navy in the 1960s.[1] The plaintiffs and Bath Ironworks filed a discovery dispute on July 30, 2025, at 6:05 p.m., disputing the scope of a Rule 30(b)(6) deposition scheduled for August 1, 2025.[2] The plaintiffs served their notice initially on June 30 and, following several exchanges to refine the topics, listed seventy-three topics in their

---

[1] J. Case-Mgmt. Statement – ECF No. 188 at 2–3. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Disc. Letter Br. – ECF No. 287.

ORDER – No. 25-cv-00123-VC (LB)

amended notice served on July 25.³ The defendant contends that it cannot prepare its witnesses on all topics on this timeline, a seven-hour deposition allows at best an examination on a quarter of the topics, its proposed nine topics are proportional to the needs of the case, and — while it did not explain why — many topics are better suited to expert discovery, contention interrogatories, requests for production, or discovery directed to the manufacturers of the equipment aboard the ship.⁴ The parties did not attach the deposition topics, making it impossible to evaluate the proportionality of the topics. Unless the parties agree by 8:00 a.m. on August 1 that the deposition can proceed on the nine topics, it is cancelled. Within one week, the parties must confer on how much time is needed to prepare the witnesses and schedule a new deposition date.

**ANALYSIS**

Bath Ironworks must prepare its Rule 30(b)(6) deponents to give knowledgeable, binding answers. It can do so only when it knows with reasonable particularity the topics for examination. *Alvardo-Herrera v. Acquity, a Mut. Ins. Co.*, 344 F.R.D. 103, 106–07 (D. Nev. 2023), *aff'd*, No. 2:22-cv-00438-CDS-NJK, 2023 WL 5035323, at *8–10 (D. Nev. Aug. 4, 2023) . Here, Bath Ironworks could not prepare its Rule 30(b)(6) witnesses on seventy-three topics in five days and — even assuming notice initially in late June — before the scheduled August 1 deposition. *Id.* at 109–10 (sixty-eight topics in a non-complex insurance dispute covering all facets of a case made it impossible to prepare a Rule 30(b)(6) witness). That result does not mean that Bath Ironworks can pick the Rule 30(b)(6) topics. Also, it does not dispute relevance and challenges only the proportionality of the discovery.

The parties must comply with the following dispute-resolution process.

If they agree, the parties can conduct a Rule 30(b)(6) deposition tomorrow on the nine topics that the Bath Ironworks proposes, presumably topics that the witnesses can address knowledgeably. This process will not foreclose a supplemental Rule 30(b)(6) deposition. In any event, Bath

---

³ *Id.* at 4; Notice – ECF No. 287-6.

⁴ Disc. Letter Br. – ECF No. 287 at 1–3.

Ironworks must construct a table with the following fields and populate it with answers: the Rule 30(b)(6) topic, the reasonable time needed to prepare its witnesses on that topic, discovery mechanisms better suited to address the issues (expert discovery, contention interrogatories, requests for production, or discovery directed to manufacturers), and why they are better. Any narrative fields in the chart are limited to 250 words. If the deposition is cancelled, the chart is due at the end of the day tomorrow, August 1. If the deposition proceeds, it is due one business day later. The chart must be sent in native format to the plaintiffs.

Then, one business day later, in separate fields on the same chart, again limited to 250 words for any narrative fields, the plaintiffs must identify the topics it wants to pursue (a field that can be Y/N), whether they agree that other discovery means might illuminate the dispute, and if not, why not. They must email the chart that day in native format to Bath Ironworks, which — in one business day — may insert any response into the chart, including the earliest date it can prepare its Rule 30(b)(6) witness. Bath Ironworks may provide any additional legal argument in a two-page opening brief and email the brief and chart to the plaintiffs. The plaintiffs must insert a two-page opposition within one business day and include as a field in the chart its best compromise for a date for the rescheduled Rule 30(b)(6) deposition. Bath Ironworks must insert its one-page reply to the legal brief one business day later, add its best compromise for a deposition date in the chart, and file the brief and the chart — with an extra field on the chart titled "court ruling" — under the Civil Events category of "Motions and Related Filings > Motions – General > Discovery Letter Brief." A chambers copy of the chart in native format must be emailed to lbpo@cand.uscourts.gov.

This process will result in full briefing next week. Bath Ironworks must ensure that its Rule 30(b)(6) deponents are available the following week to avoid derailing the trial schedule. Given the timing, the court likely will decide the issue without oral argument. Civil L.R. 7-1(b).

Bath Ironworks also contends that the dispute affects the case schedule, including the summary-judgment motion.[5] This timeline is designed to avoid that issue, but the parties must raise any scheduling issues with the trial judge.

## CONCLUSION

This disposes of ECF No. 287.

**IT IS SO ORDERED.**

Dated: July 31, 2025

LAUREL BEELER
United States Magistrate Judge

---

[5] *Id.* at 1.